# CHARLESTON.

## PERRY, USE &C. v. McHUFFMAN.

### February 27, 1874.

1874.
January Term.

1. When the writ and declaration in the cause are against *two* defendants therein named, and the record shows that the *"defendants"* appeared in court, by their attorney, and pleaded in bar to the declaration, and that the *"defendants"* made a motion, at the same time, to the court, in the cause, and afterwards, at another term of court, the record recites "this day came the parties," &c., and judgment is rendered in favor of the plaintiff against the "defendants" it must be taken that the judgment is against the defendants mentioned in the writ and declaration.

2. Where the cause is on the trial docket, whether properly or otherwise, the defendants may appear to it, in court, by attorney, and in person and plead in bar to the action, whether the writ in the cause has been properly executed or not.

An appeal, by Thomas McHuffman, from a judgment of the circuit court of Greenbrier county, rendered against him and Spencer R. Hill in favor of John V. Perry, for the use of Jacob L. Bloom, for the sum of $273.50, with interest thereon from the date of the judgment, December 8, 1871, until paid and costs. The facts appear in the opinion of the Court.

The Hon. Joseph M. McWhorter, judge of said circuit court, presided at the trial below.

*Adam C. Snyder* for the appellant.

*Samuel Price* for the appellee.

HAYMOND, PRESIDENT:

The writ in this case is against Thomas McHuffman and Spencer, *alias* S. R. Hill, and is made returnable the

first Monday in June, 1869. Upon the writ the sheriff made return in these words: "Executed by giving a copy to Hill." At June rules, which were held on the first Monday in the month, the plaintiff, by his attorney, filed a declaration in the cause, in debt, against both the defendants named in the writ, and took a common order against defendant Hill; and on the first Monday of July, thereafter, the common order was confirmed in the clerk's office. Afterwards, at a circuit court held for the county of Greenbrier, in October, 1869, this entry appears upon the record of the court in this case, viz: "John V. Perry, for, &c., plaintiff *v.* Thomas McHuffman and S. R. Hill, defendants, in debt. This day came the parties, by their attorneys, and on motion of the defendants, by their attorney, who pleaded payment, to which the plaintiff, by his attorney, replied generally, it is ordered that the judgment obtained in the office be set aside. And, on the further motion of the defendants, it is ordered, that unless the plaintiff in this cause, files with the clerk of this court the affidavit required by law, within sixty days, that this suit be dismissed." Afterwards, at a circuit court, held on the 30th day of December, 1869, this order was made and entered by record, viz: "The defendant having filed the "Suitors Test Oath," it is ordered that unless the plaintiff file the affidavit required by law in thirty days that this suit be dismissed." The next order made and entered of record in the cause, so far as the record before us discloses, is in these words, viz: "At a circuit court held as aforesaid, on the 8th day of December, 1871, the day and year herein written, until which time the cause had been regularly continued at the several intervening terms of the court, this day came the parties by their attorneys, and neither party requiring a jury, the cause was submitted to the court. It is considered by the court that the plaintiff, for &c., recover against the said defendants the sum of $273.30, with interest from the 8th day of December, 1871, until paid, and his costs here expended." The defendant McHuff-

1874.
January Term.

Perry use, &c.
v.
McHuffman.

man, alone, has appealed from this judgment, to this Court, and he now here, by his counsel, assigns the following as errors in the judgment of the circuit court, to-wit:

"*First.* The defendants were never served with process ; the return of the sheriff, if sufficient in other respects (which it is not), shows that the summons had not been executed upon the defendants in this action, or either of them. The defendants could not appear by attorney until they had been duly summoned."

"*Second.* The plaintiff having failed to file the affidavit required by the orders made in the cause on the 25th day of October, and on the 30th day of December, 1869, the action stood dismissed, and the orders and judgments subsequently entered were *coram non judice* and void."

The appellant's counsel, in support of the first error assignee, cited the Court to *Crump v. Bennett* in vols. 1 and 2, Littell's Kentucky Reports, and *Moore v. Parker*, 3 (Litt. Ky.) I have examined these cases, and find they do not sustain his proposition. The cases there cited are materially different from the case before us.

A record is truth in contemplation of law. Courts of record speak by means of their record, and the record imports in itself such incontrollable credit and verity that it generally admits of no averment, plea or proof to the contrary. 3 Tho. Co. Litt., 323 ; *Field v. Gibbs*, Peters (U. S. Cir. Court,) 155; *Calwells v. Shields & Somerville*, 2 Rob. (Va.), 305. Here the entry made at the October term, 1869, after stating the names of each of the defendants in the caption thereto, declares that "on motion of the defendants, by their attorney, who pleaded payment," &c. "And on the further motion of the defendants, it is ordered," &c. If this record speaks the truth, then the defendants appeared before the court, by their attorney, and personally also, and this must be taken as true. Where a cause is on the trial docket, whether properly or improperly, the defendants may

appear in court, to it, by attorney, or in person, and plead in bar to the action, whether the writ in the cause has been properly executed or not; and though the cause is improperly placed on the trial docket. This course is often pursued and recognized in practice by the courts. In 1 Salkeld, 86, the court of King's Bench decided 'that an attorney's consent binds the client, though contrary to his express orders; and, in another case, on the same page, chief justice Holt said : 'The course of this court is *when the attorney takes upon himself to appear,* the court looks no further, and leaves the party to an action against him." "No warrant of attorney is known among us; counsel deal with counsel, as authorized in those cases in which they assume to act. The courts act upon this supposition also. It is our usage." The word "defendants," as employed in this order must be intended to be the defendants named in the declaration and writ in the cause, and not one of them: And also of the order of court of the 30th day of December, 1869. The words "parties" and "defendants" employed in the judgment of 8th day of December, 1871, must be intended to mean the plaintiff in the action and the defendants who had appeared in court, by their attorneys, and plead at a former term. The first error assigned is overruled as not being well taken.

The second error is not well taken, because the record of the judgment of the 8th of December, 1871, declares that the cause had been regularly continued, at the several intervening terms of the court, and the case was "submitted to the court" by the parties, for trial, without objection. "The Suitor's Test Oath," which the order of December, 1869 states is filed, is not disclosed by the record, and, under the circumstances, and the declaration and recitals of the judgment of December 30, 1871, this Court would be authorized, if necessary, to sustain the judgment of the court below to presume that the plaintiff did file the affidavits required by the orders of court of October and December. *Perkins' Admr. v.*

*Hawkins' Admx.* 9 Gratt., 649. The order of October, 1869, does not specify or declare what subject or matter is required to be stated in the affidavit. As framed, the order simply requires nothing to be done by the plaintiff. The order of December 30, 1869, is not quite so indefinite as the previous order, still it is subject to just criticism for want of certainty. But these "Suitor's Test Oath" laws, as they are sometimes called, have been declared to be unconstitutional by this Court, and the Legislature, early in 1870, repealed them, without reservation, and it is unnecessary to say more of them here.

For the foregoing reasons the judgment appealed from must be affirmed with costs and damages, according to law, to the appellees.

The other Judges concurred.

JUDGMENT AFFIRMED.