# CHARLESTON.

## MILLBANK v. INGERSOLL et al.

Submitted September 6, 1886.—Decided February 12, 1887.

STRIKING CAUSE FROM THE DOCKET.

A chancery cause is pending in the Circuit Court, in which an order of reference is made on May 10, 1871; within the four years prior to October 13, 1877, no order had been made in the cause, but within that time the commissioner, to whom the cause was referred, had taken depositions upon the matters referred to him, though

neither the depositions nor the report were returned to court or filed in the cause; then on said last mentioned day, in the absence of the plaintiff and her counsel, an order is entered by the court on the motion of defendants' counsel striking the cause from the docket under the provisions of section 8, chapter 127, of the Code; after two terms of the court had passed and within three years from the date of said order, the plaintiff by leave of the court filed his bill of review to have said order set aside for errors apparent upon the record, and the said bill was sustained and the order set aside by the Circuit Court. Upon appeal the said order setting aside the order striking the cause from the docket is affirmed by this Court, the judges being equally divided on the question as to whether said order should be reversed or affirmed.

*Daniel Lamb* for appellants.

*Caldwell & Caldwell* for appellee.

SNYDER, JUDGE :

This suit was instituted December 28, 1857, in the Circuit Court of Marshall county, by Catharine A. Millbank against Josiah Ingersoll and wife, to have certain lands lying in said county, in which the plaintiff claimed to own one undivided twelfth part, partitioned and her one twelfth assigned to her in severalty. No decree for partition was entered until November 3, 1884 : and it is from this decree that the defendants, Ingersoll and wife, have obtained this appeal.

Why the cause was so long in reaching a final decree, it is not important to inquire on this appeal. The counsel for the respective parties, however, refer to the orders and proceedings had in the cause, the one for the purpose of showing, that the plaintiff has neglected to prosecute her suit, with proper diligence, and that she is therefore responsible for the delay, and the other to show, that the defendants by their persistent obstructions and resistance are themselves to blame for the delay.

The record shows, that the defendants had answered the bill, and the cause had been matured for hearing and so far proceeded in, that, by a decree entered May 10, 1871, the cause was referred to a commissioner for an account and report of the rents and profits of the land chargeable to Ingersoll, and what, if anything, is due from the plaintiff to Ingersoll for services and expenses rendered and incurred

by him in defending the title to said lands against adverse claimants.

By an order entered in vacation, on December 27, 1871, the plaintiff filed her supplemental bill and obtained an injunction thereon restraining the defendants from making sale of any of the lands in controversy. Ingersoll filed his answer to said bill; and on his motion, after notice to the plaintiff, an order was made in vacation and entered on the order-book of the court February 5, 1872, dissolving said injunction.

From the date of said order of February 5, 1872, no order, or entry on the order-book was made in the cause, except orders of continuance, until October 13, 1877, when the following order was entered under the title of this and two other causes in chancery:

"These causes are dismissed under the four years' rule, there having been no order or proceedings had therein during that time only to continue on docket (sec. 8, chap. 127, Code 1868)."

The next order made in the cause was entered February 26, 1880, granting leave to the plaintiff to file her bill of review, which was then filed, and process awarded thereon against the defendants, Ingersoll and wife, to answer the same.

The bill of review, after stating the matters involved in the original bill, the answers of the defendants, and the proceedings had in the cause prior to December, 1871, including the order of reference of May 10, 1871, hereinbefore mentioned, proceeds to make, in substance, the following averments: On December 23, 1871, Commissioner Morris, to whom the cause was referred by the said order of May 10, 1871, gave notice, that he would take the account ordered at his office in Moundsville on January 22, 1872; and on that date and thereafter from time to time voluminous depositions were taken, at which the plaintiff by counsel and the defendant in person and by counsel were always present. On March 14, 1875, the depositions were adjourned until the next day. It was agreed, however, between D. Lamb, counsel for the defendants, and G. B. Caldwell, counsel for the plaintiff, that the depositions should be resumed on one

week's verbal notice to counsel on either side. Negotiations were then entered into for a compromise of the cause and continued from time to time with a fair prospect of success. After the compromise seemed impossible, the counsel for the plaintiff made efforts to find witness to testify as to the matters referred. Finally, in vacation since the last term of court, on preparing to press the taking of the account said counsel was surprised to discover, that the cause had been dismissed on October 13, 1877, which discovery was the first information had by the plaintiff or her counsel of such dismissal. On that day Hanson Criswell, as counsel for Ingersoll, came into court, and in the absence of the plaintiff and her counsel and without notice to either, asked that the cause be dismissed under the four years' rule, alleging there had been no order or proceedings had therein during that time only to continue the cause on the docket. G. B. Caldwell had been counsel for plaintiff in the injunction proceedings and drafted and had entered said order of reference, and his initial letter " C " was marked upon the docket at the time the order of dismissal was entered, and the initial letter of Mr. Lamb as counsel for Ingersoll was also on the docket, but Criswell was not so marked as counsel, and so far as plaintiff's counsel can remember, he had not appeared as counsel in the cause, but only before the commissioner, before said order of dismissal was entered. No notice was ever afterwards given to the plaintiff or her counsel of said dismissal, though since the dismissal, and before the discovery thereof, at different times the subject of compromise was talked of by plaintiff's counsel, according to his recollection, both with D. Lamb and Ingersoll. It was not true that there had been no proceeding in the cause for more than four years. The cause had been proceeded with before the commissioner, where it had been sent by the said order of reference. Plaintiff's counsel had been relying on the agreement aforesaid with D. Lamb, counsel for Ingersoll, to resume proceedings before Commissioner Morris, and was taken by surprise by the decree of dismissal. The statute does not authorize a dismissal in such cases, but only an order striking the cause from the docket. According to the statute, sec. 2, chap. 131 Code, this cause was not

one which should have been on the docket at the fall term, 1877, when it was dismissed, and could not therefore have been ordered dropped from the docket. The bill then prays, that the relief asked in former bills may be granted; that said decree of October 13, 1877, be set aside for the foregoing errors on the face thereof and those apparent as aforesaid on the record, and for the other causes herein mentioned, &c.

By a decree entered March 31, 1881, the said order of dismissal is set aside, and the account which had been ordered by the decree of May 10, 1871, was again directed to be taken and reported to court; but this decree is entered without prejudice to any objections of the defendants to the order reinstating the cause and placing it on the docket.

On March 17, 1883, the defendants moved the court to dismiss the bill of review, which motion the court overruled. And on October 8, 1883, Commissioner Morris filed his report. The defendants on November 13, 1883, filed their answer and demurrer to the bill of review. The defendants afterwards renewed their motions to set aside the order of February 26, 1880, filing the bill of review, and to dismiss the said bill, both of which motions the court overruled by its decree of November 3, 1884, hereinbefore mentioned as the decree appealed from.

The appellants insist, that the Circuit Court erred in setting aside the order of October 13, 1877, dismissing this cause under the four years' rule, and in not sustaining their demurrer to the bill of review and dismissing the same.

The statute, under which the said order of October 13, 1877, was made, is as follows :

" Any court, in which is pending any case, wherein for more than four years there has been no order or proceeding but to continue it, may, in its discretion, order such case to be struck from its docket; and it shall thereby be discontinued. A court making such order may direct it to be published in such newspaper as it may name." (Sec. 8, chap. 127 of Code.)

It is provided in section 11 of the same chapter of the Code as amended by chap. 137, Acts 1872–3, that:

" Any court may, on motion, re-instate on the trial docket

of the court, any cause dismissed, and set aside any non-suit that may be entered by reason of the non-appearance of the plaintiff, within two terms if in a Circuit Court, and four terms if in a County Court, after the order of dismissal may have been made or order of non-suit entered."

This legislation we inherited from Virginia, where it was first adopted, by the act of March 7, 1826, in which it was provided, that no suit which shall have been dismissed in the office, *or in court*, shall be re-instated after the period of one year from the expiration of the term in which such dismission took place, or was made absolute." (Sec. 10, chap. 15, Acts 1825–6, p. 17.)

In the revisal of 1849, all the foregoing provisions were embraced in section 7, chap. 173 of the Code of Virginia. The time fixed then, after which a case might be struck from the docket, was seven instead of four years; and it was declared, that "any such case may be re-instated on motion, within one year from the date of such order, *but not after*."

The words, "*but not after*," are not used in our statute, but it can not be inferred from their omission that there was any intention to make the limitation of the time within which a case might be re-instated any less positive and absolute. The time being fixed and limited, it would be mere tautology to add that the case could not be re-instated after the time so fixed and limited. It is, therefore, plain that this omission was not intended to effect any change in the meaning of the statute, and that under our statute no more than under the Virginia statute can the court re-instate the case after the prescribed limitation has expired. The prohibition in the one case is express, and in the other the implication is no less positive than is such express prohibition. It seems to me clear, therefore, that, after two terms had passed, the Circuit Court had no power, on motion, to re-instate the cause on the docket. That this is so, does not seem to be controverted by the counsel for the appellee. His contention is that the cause was improperly stricken from the docket or dismissed, and the order of dismissal was rightly set aside upon the facts alleged in the plaintiff's bill of review. This, is denied by counsel for appellant, and thus the questions are presented:

First—Was the said order of October 13, 1877, improperly entered? and

Second—If not, was it erroneously set aside on the bill of review?

1—The appellee insists, that this cause was not properly on the docket when said order was made, and consequently could not have been struck from it or dismissed under the statute. In support of this claim the second section of chap. 131 of Code as amended by chap. 93, Acts of 1872–3, is relied upon, which is as follows: "Before every term of a court, the clerk shall make out a separate docket of chancery cases, in which there are motions, *and of other chancery cases which have been set for hearing as to any party*, or which the court is to hear upon a plea, demurrer, or exceptions to an answer; and during each term every cause on said docket shall be called and disposed of." This cause had been set for hearing as to all the parties long before said order was made; and therefore, by the words of the statute which I have italicised, it is expressly made one of the cases that the clerk is required to put upon the docket, unless the order of reference of May 10, 1871, which still remained unexecuted, made it the duty of the clerk to omit the cause from the hearing docket until the return of the report of the commissioner. In regard to this question this Court is equally divided, Judges Green and Woods being of opinion that when the order of reference was entered the cause was in law retired from the hearing docket, whether it was so in fact or not, and that until the report of the commissioner had been returned into court, or some action taken by which the cause was restored to the hearing docket, the cause was not liable to be dismissed under sec. 8 of chap. 127 of the Code, and that the order of dismissal October, 1877, was *improperly* made in this cause. They are, therefore, of opinion that the Circuit Court did not err in sustaining the bill of review and setting aside said order for error apparent upon the face of the record.

On the other hand Johnson, President, and myself do not concur with our brethren in the construction thus placed upon the statute. We think, if that interpretation of the statute is allowed to prevail, then the four years' rule never can have any effect. For, if the case is in legal contempla-

·tion retired from the hearing docket because it has been re-
ferred to a commissioner, then, it seems to us, that it should
for the same reason be retired in cases where there has been
.an order directing a survey and report, or appointing com-
missioners to make partition of land, to lay off dower, to
take depositions and in fact in every instance where the
last order or decree in the case shows, that some future ac-
tion is contemplated and necessary for the disposition of
the cause or to bring it to a final hearing. Every cause, in
which there has been no final decree, necessarily discloses
upon the face of the record, that further action is intended
and necessary to a final disposition. If, therefore, no order
·of dismissal can be made under the statute in any cause
which is referred to a commissioner for an account or for a
sale or partition or in which the record shows further ac-
tion is intended, then the only cases which can be dismissed
under the statute are those which have been finally decided,
and as to such cases the statute is useless. And, moreover,
if no case can be put upon the hearing docket, unless it is
·one in which some order is to be made at the term, then no
·case in which no order has been made for four years could
have been properly placed upon the docket during that
time; and it having thus been properly omitted from the
·docket, it could not be struck therefrom, because it had been
·there four years and no order, except continuances, had
been entered in it. Such a construction, we think, is not
only unwarranted by the terms of the statute, but it is in
direct contravention of the evident purpose and policy of it.
It was well known at the time the statute was first enacted,
that the great delay and tardiness which attended the dis-
position of chancery causes. and the long time which many
of them lingered upon the court dockets, had become a re-
proach to the law and the subject of burlesques upon the
courts. (*Jarndyce* v. *Jarndyce.*) It was no doubt in-
tended by this statute to put an end to this evil and just
complaint as far as possible.

But even if this were not so, still the court might have
properly stricken this cause from the general docket of
the cases in court, because the statute does not require, that
it shall be on the hearing docket of the term at which the

order is made, but only that shall be "pending in court." This case was certainly pending in court whether it was, or could be properly placed, in the hearing docket of the term or not. It was certainly a pending case, and therefore liable to be stricken off under the statute. For these reasons we think the order of March 31, 1881, setting aside said order striking the case from the docket was erroneous; but in as much as the judges of this Court are equally divided in regard to said order, the same must be affirmed.

There are some other assignments of error in the petition on which this appeal was awarded, but they have not been argued or insisted upon in the brief filed by the counsel for the appellants in this Court. I have carefully examined the record and have been unable to discover any sufficient grounds for sustaining any of said assignments, or to find any errors in any of the decrees of the Circuit Court for which the same should be reversed. All the decrees complained of must therefore be affirmed. .

AFFIRMED.