# CHARLESTON.

LEWIS *v.* LAIDLEY *et al.*

Submitted February 5, 1894.—Decided April 16, 1894.

1. DISMISSAL.
   It is error for the Circuit Court to dismiss a general lien creditor's suit on motion of the nominal plaintiff, whose debt has been satisfied.

2. DISMISSAL.
   It is error for the Circuit Court on motion of a nominal plaintiff whose debt has been satisfied, to set aside an order on motion of the plaintiffs reinstating a suit erroneously dismissed. The nominal plaintiff after satisfaction of his debt may have the cause dismissed as to himself, but not as to the other creditors, who are parties formal or informal to the same.

3. DISMISSAL.

It is error for the Circuit Court on motion of the debtor-defendant to dismiss a creditor's suit which is pending before a commissioner upon an unexecuted order of reference entered at his instance.

BROUN & BROUN, for appellant:

I.— *When claim of original plaintiff is satisfied order to that effect should be entered; but suit should not be dismissed.*—9 W. Va. 154.

II.— *Where other judgment-creditors have become parties, their rights must be adjudicated before suit is dismissed.*—27 Gratt. 229 ; 3 W. Va. 26 ; 5 W. Va. 187 ; 23 W. Va. 656, 662; Code (1891) c. 139, s. 1, 5, 7 ; Id. c. 127, s. 11, 12.

COUCH, FLOURNOY & PRICE and W. MOLLOHAN for appellees cited 32 W. Va. 567; 30 W. Va. 390.

DENT, JUDGE :

On the 2d day of October, 1891, a general creditor's suit was pending in the Circuit Court of Kanawha county in the name of C. C. Lewis, receiver, *etc.*, against James M. Laidley *et al.* The last order therein had been made over four years previously at the instance of the defendant James M. Laidley, committing the cause to a commissioner of the court to make certain statements of accounts in relation to the sales of the defendant's property and application thereof on his debts. Salina C. Mason, the appellant, was a judgment-lien creditor, party to this suit. At a special term of court then being held an order was entered on motion of the nominal plaintiff dismissing said suit without the knowledge or consent of said Salina C. Mason. On the 25th of January, 1892, an order was entered on motion of the plaintiffs reinstating said suit on the docket as inadvertently dismissed. And on the same day an order was entered on motion of the complainant setting aside the order reinstating the suit. On the 15th day of December, 1892, the said Salina C. Mason filed her petition, and on her motion said suit was reinstated on the docket and ordered to proceed in her name as plaintiff in lieu of C. C. Lewis, receiver, *etc.* On the 2d day of January, 1893, the defendant James M. Laidley had the last above order set

aside and held for naught; and thereupon the appellant asked leave to file her bill of review, but the court refused her permission to do so; and she now appeals to this Court from said several orders, claiming tnat said Circuit Court erred in not allowing her to prosecute said suit for the enforcement of her said judgment-lien.

This suit was not stricken from the docket under the four years' rule by the court. If it had been, it would have raised the same question, which was left undecided by a divided court in the case of *Millbank* v. *Ingersoll*, 29 W. Va. 396 (1 S. E. Rep. 575).

The question is here presented whether the four orders or either of them, entered October 2, 1891, January 25, 1892, January 2, 1893, and January 5, 1893, are erroneous, appealable and prejudicial to the rights of appellant, section 7, c. 139, of the Code provides:

"Whether the suit be so brought (that is, on behalf of all lienors) every such lien holder, whether he be named as a party to the suit or not, or whether he be served with process therein or not, may present, prove, and have allowed any claim he may have against the judgment-debtor, which is a lien on such real estate, or any part thereof, and from and after the time he presents any such claim he shall be deemed a party plaintiff in such suit."

This enactment, affecting the remedy and not the right; applies to all such suits, whether instituted before or after its passage. In *Billmeyer* v. *Sherman*, 23 W. Va. 662, JUDGE SNYDER says: "After an order of reference, the plaintiff in such bill ceases to have absolute control of it, and it can not be dismissed by him without the consent of the other creditor." To hold otherwise would allow the defendant-debtor to collude with the nominal plaintiff in controlling the litigation, and in this manner oftentimes greatly hinder, delay and defraud other lien-creditors of their debts.

The order entered by the Circuit Court on the 2d day of October, 1891, on motion of the nominal plaintiff was erroneous. The order entered on the 25th day of January, 1892, on motion of George S. Couch, attorney for plaintiffs, was proper, as correcting the error committed by the

court in the former order, and the order entered on the same day on motion of the nominal plaintiff was improper. Nor can the court give it the effect claimed by the appellees, that it simply annulled the first order as though no order had been entered, but must give it a just legal effect, to wit: That the first order was a proper order, and restored the suit to the docket on motion of the plaintiffs, which must necessarily include all the plaintiffs except those whose liens were satisfied and who are no longer interested in the litigation; while the second order was an improper one entered on motion of a nominal plaintiff, whose debt was satisfied, and who in legal contemplation must be regarded as a stranger to the further proceedings in said suit; and hence said last order must be considered in legal effect a new order, dismissing the cause erroneously. And, if this last erroneous order was not corrected by the Circuit Court on motion made in time, it would certainly be reversed by this Court on appeal, because a proper order can not be forever annulled by an improper order entered even on the same day. Both will be treated together as one order, rather than no order, and the erroneous part thereof will be corrected.

Such being the status of these orders, the order entered by the court on the 15th day of December, 1892, reinstating said suit and ordering it to proceed in the name of the appellant, being within three terms (regular) of the last order of dismissal was proper and should not have been set aside and held for naught on motion of the defendant, James M. Laidley, on the 2d day of January, 1893. Each of these erroneous orders, being final, if not set aside by the Circuit Court on motion under section 11, c. 127, of the Code, or under chapter 134 of the Code, are appealable to this Court within two years from the date thereof. Sections 1 and 3, c. 135, of the Code.

Had the appellant the right to file a bill of review to correct such erroneous orders? It is the settled law of this state that a bill of review will lie to correct errors of law apparent on the face of the record. *Nicholas* v. *Heirs of Nicholas*, 8 W. Va. 174; *Amiss* v. *McGinnis*, 12 W. Va. 371. In the case of *Millbank* v. *Ingersoll, supra,* a bill of review

was filed some two years after the case had been stricken from the docket under the four years' rule, to review the action of the court in striking said cause from the docket, for the reason that at the time the cause was pending before a commissioner by order of reference, and therefore was not pending in the court in the sense that it could be stricken from the docket under such rule. In determining the case the Court divided, Judges GREEN and WOODS being "of opinion that the Circuit Court did not err in sustaining the bill of review and setting aside the order for error apparent on the face of the record; while Judges SNYDER and JOHNSON were of the opinion that the court committed no error in striking the cause from the docket while pending before a commissioner; but all concede the right to file a bill of review if the Circuit Court erroneously dismissed the cause."

In this case there is no question but that the Circuit Court erroneously dismissed this suit three several times without the consent of this appellant; twice on motion of the nominal plaintiff, and once on motion of the defendant. These errors were apparent on the face of the record, and the Circuit Court not only had the right, but was in duty bound, to correct them. The two first the Circuit Court did correct by proper orders to that effect. The third, however, stands uncorrected, and, if the term of court was ended at which it was entered at the time the bill of review was tendered, it should have been entertained; but, if the term had not then ended, it should have been entertained as a petition in the nature of a bill of review. *Hyman* v. *Smith*, 10 W. Va. 298. The defendant James M. Laidley had no right to have the suit dismissed while it was pending at his instance before a commissioner, as it was his laches that the order of reference was not executed.

Was the appellant prejudiced by these errors? She certainly was, because the law made her a plaintiff in the suit and gave her the right to prosecute it for her own benefit. The orders deprived her of her legal right, as much so as to dismiss her suit, she being the only plaintiff, on motion of a stranger. As the merits of her case or the relief she may

be entitled to, this Court can not now consider, as these matters have not yet been passed upon by the Circuit Court. While a court of equity may not retain a suit to prevent the running of the statute of limitations, neither should it join hands with the defendant, and dismiss a suit to enable him plead the statute of limitations. Equity never assists a defendant the wrong way out of the court-house. The effect of this decision is precisely the same as if all said orders were nullities except the order of the 2d of October, 1891, for that being erroneous on its face as to all the plaintiffs except the nominal one, and being a final order appealable to this Court within two years from its date, after a proper motion made to correct in the Circuit Court, it would be reviewed and reversed by this Court.

For the reasons aforesaid, the order of the Circuit Court entered on the 2d day of January, 1893, on motion of James M. Laidley, defendant, is reversed and annulled at his costs; and the order entered on the 15th day of December, 1892, is affirmed; and this cause is remanded to the Circuit Court of Kanawha county to be proceeded in to a final hearing and determination in the name of Salina C. Mason, plaintiff, according to the rules of law and principles of equity.