# CHARLESTON.

NEWLON *et al v.* WADE *et al.*

Submitted January 30, 1897—Decided April 7, 1897.

1. EXECUTION—*Return of Execution.*
    Point 7 of the syllabus in the case of *Findley* v. *Smith* 42 W. Va. 299, is approved. (p. 285.)

2. Equity Jurisdiction—*Judgment of Justice—Collateral Attack.*

A judgment of a justice founded on a sufficient summons cannot be collaterally attacked in equity on the ground alone that the cause of action arose in another county, the place of the defendant's residence. Such question is purely legal, and does not give equity jurisdiction to review such judgment. (p. 286.)

3. Judgment Liens—*Enforcement of Liens—Real Estate.*

A judgment debtor's real estate cannot be decreed for sale to pay the judgment liens thereon until such real estate has been properly ascertained, and it appears to the court that the rents and profits thereof will not satisfy such liens within five years. (p. 287.)

4. Equity Pleading—*Answer—New Matter.*

Material allegations of new matter in an answer constituting a claim for affirmative relief, not controverted by a special reply in writing, shall for the purposes of the suit be taken as true, and no proof thereof be required. Code, c. 125, s. 36. (p. 288.)

Appeal from Circuit Court, Braxton county.

Bill by C. K. Newlon and another against L. M. Wade and others. Decree for plaintiffs, and defendant Wade appeals.

*Reversed.*

John B. Morrison, for appellant.

Mollohan & McClintic and W. E. R. Byrne, for appellees.

Dent, Judge :

C. K. Newlon filed a creditor's bill in the Circuit Court of Braxton county to enforce judgment liens against the real estate of L. M. Wade. Such proceedings were had that, after reference and report of commissioner, a certain house and lots in the town of Sutton, being a small portion of defendant's property, were decreed to be sold to pay various liens ascertained against the same. From this decree the defendant Wade appeals, and the errors relied upon by him are contained in the exceptions to the commissioner's report, which are in short as follows :

1. That the two nominal plaintiffs in the suit, Newlon and Mansbach, had no right to maintain the same, for the reason that the executions issued on their judgments had

not remained in the officer's hands sixty days before he made the return thereon of "No property found," and that the suit was therefore prematurely instituted. This question was settled contrary to the appellant's pretensions in the case of *Findley* v. *Smith*, 42 W. Va. 299 (26 S. E. 370). This would not prevent the debtor showing the return to have been made falsely and collusively, in avoidance of the statute, to enable the plaintiff to institute chancery proceedings without exhausting the debtor's personal estate. The circuit court erred, therefore, in sustaining the demurrer to the bill, but as this error was cured by the final decree in favor of plaintiffs it is not ground for reversal. As to allowing other creditors to be made plaintiffs and carry on the suit, there was no error committed. *Lewis* v. *Laidley*, 39 W. Va. 422 (19 S. E. 378). A surety who has paid a debt, for which he is bound with others, is entitled to be subrogated to all the rights of the creditor against either the principal debtor or co-sureties, to the extent of their liability. *Hawker* v. *Moore*, 40 W. Va. 49 (20 S. E. 848) ; *McNeil* v. *Miller*, 29 W. Va. 480 (2 S. E. 335). This applies to the demurrer of the appellant to the amended bill, and to his tenth exception to the commissioner's report.

2. A justice of the peace has jurisdiction throughout his county both by the Constitution and statute, and, while he is required to reside in the district for which he is elected, he is authorized to hear and determine cases in other districts of the county. This applies to exception sixth.

3. The seventh and eleventh exceptions, being as to insufficiency of notice, and also the first exception as to the thirty-five dollars credit on C. K. Newlon's judgment, if not waived by the appellant, may be properly cured in the further progress of the cause, as it will for other reasons have to be recommitted to the same or another commissioner.

4. The various objections to the judgment of J. P. Cole are not well taken. The appellant does not deny having been duly served with process to appear before Justice Oliver in the county of Lewis. But his objections are that the process was served by a special constable. This is provided for under section 30, chapter 50, Code. That

the return does not show that it was served in Lewis county: This is a presumption of law, it not otherwise appearing. That the cause of action did not arise in Lewis county: This is settled by the justice's judgment. The appellant, having notice, should have appeared and objected to the want of jurisdiction. Not doing so, he waives the same, and is bound thereby, unless it should clearly appear to the contrary on the face of the record. Justices' courts are a part of the judiciary system of this State, with extensive jurisdiction, and their process and judgments are entitled to the same respect, to the extent of jurisdiction, as other tribunals; and he who neglects such process when duly served on him must endure the consequences of his own negligence. If the appellant had a good defense by reason of the cause of action, or any part thereof not arising in the county, he should have appeared and presented it, and, having failed to do so, he can only be relieved therefrom collaterally on equitable grounds, such as fraud, accident, mistake, surprise, or some adventitious circumstance beyond the control of the party. *Hubbard* v. *Yocum*, 30 W. Va. 740. (5 S. E. 867); *Knapp* v. *Snyder*, 15 W. Va. 434; Freem. Judgm. (3d Ed.) § 524.

5. The most important question raised is as to whether the commissioner erred in not ascertaining all the real estate of the appellant, and the annual rental value thereof. On the coming in of the commissioner's report, the demurrer of appellant was sustained to the bill, and it was amended by making new parties plaintiff therein. Appellant then filed his answer, in which he alleged that he was the owner of certain real estate, situated in both Braxton and Gilmer counties, which was subject to the lien of the various judgments in suit, and also that the vendor lien holder was not asking for a sale of the real estate alone included in the commissioner's report, and praying that his said real estate, with the rental value, should be ascertained, and that the same be rented for the payment of the judgments. The appellees claim that it was the duty of the appellant to show before the commissioner the real estate owned by him, and also to show that the rental value thereof was sufficient to pay the judgment in five years, and his failure excuses the court for noncompliance

with the statute. In support of this contention they rely on the cases of *Duncan* v. *Custard*, 24 W. Va. 730; *Hill* v. *Morehead*, 20 W. Va. 429, and *Rose* v. *Brown*, 11 W. Va. 122. These cases were all decided under the common equity rule prevailing before the enactment of the Code of 1849, as determined by the Virginia court of appeals in the cases of *Manns* v. *Flinn's Adm'r*, 10 Leigh, 93, and *Mc-Clung* v. *Bierne*, *Id.* 394, and they were all prior to the adoption into the Code of this State of the provision that "if it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate, or any part thereof, to sale." This provision was in the Codes of Virginia of 1849 and 1860, but was dropped from the Code of West Virginia of 1868, and reinserted in the Acts of 1882 (chapter 126). Under this provision, before the court can decree a sale of a judgment debtor's property to pay the judgment liens thereon, the full amount of property subject thereto must be ascertained, and it must appear to the court that the rents and profits thereof will not pay the judgments within five years. Nor does it devolve upon the judgment debtor to show such to be the case, but it is the duty of those seeking a sale of the land to show the necessity therefor, and it is the duty of the commissioner to ascertain and report all the real estate of the judgment debtor liable to payment of judgments against him, and the report should show on its face the discharge of this duty, and not simply report the real estate mentioned in the bill. The records of the county and all other means, even to the testimony of the judgment debtor, may be resorted to by him to ascertain the truth. In the case of *Horton* v. *Bond*, 28 Grat. 815, the court of appeals of Virginia, in considering the provision of the statute now under consideration, held that "upon a bill by a judgment creditor, to subject the lands of the principal debtor and his sureties to satisfy the judgment, before there can be a decree for the sale of the lands it must be made to appear to the court that the rents and profits of the lands in five years will not discharge the judgment. This may be shown by the pleadings, by the admission of the parties, by evidence taken, or by a report of a commissioner on an inquiry ordered." The appellant in his answer asked that

the matter be ascertained, but the court declined to do so, being misled by the foregoing cases not applicable.

The bill alleges that the defendant is the owner of a certain piece of real estate, but does not allege that it is all the real estate owned by him, or that the rents and profits thereof will not pay the judgments against the same within five years. The commissioner was directed to ascertain the real estate of the judgment debtor, but he does not show in his report that he discharged his duty in this respect. He follows the bill. The judgment debtor excepts for the reason that the commissioner failed to report all his real estatate, and suggests that the records of the county so disclose. It is not right that a judgment debtor should be harassed by repeated sales of different portions of his real estate, especially if it all will produce rent sufficient in five years to pay off the judgment liens, and therefore the full extent, together with the rental value thereof, should be ascertained, before a decree for rent or sale thereof is entered. The appellees say that there is no sufficient evidence that the judgment debtor owns other real estate, that the only place that it appears is in the judgment debtor's answer, to which there is a general replication.

Prior to the present statutory provisions relating to the enforcement of judgment liens, the right to have his land rented rather than sold was a privilege accorded to the judgment debtor when asked by him, and a matter of right demandable at any time. *Arnold* v. *Casner*, 22 W. Va. 444, cited. But now it is a condition precedent to the sale of lands for the satisfaction of judgment liens that the real estate—that is, all the debtors real estate liable to such judgment liens—will not produce rent sufficient within five years to extinguish such judgment liens, and this must affirmatively appear in the pleadings, proofs, or proceedings, and hence it is unnecessary for the judgment debtor to ask such relief affirmatively. If the plaintiff had alleged in his bill that the real estate set out therein was all the real estate owned by the judgment debtor, and that the rental value thereof was sufficient to satisfy the judgment liens in five years, the appellant could have controverted the same by a mere denial, which would have cast the burden on the plaintiff of sustaining

the controverted allegation. And the mere fact that he omits it from his bill, and appellant affirmatively alleges the contrary in his answer, does not shift the burden to the appellant, for the plaintiff must make it appear to the satisfaction of the court that the rents and profits of all the appellant's real estate liable to the judgment liens will not satisfy such liens within five years before he can demand a sale thereof. Under the circumstances shown by the pleadings and proofs in this case, the circuit court erred in not recommitting the same for the purpose of ascertaining all the real estate of appellant, with the liens and their priorities against the same, and the true rental value thereof, and for this error the decree complained of is reversed, and the cause is remanded for further proceedings according to the rules and principles of equity.

*Reversed.*