# CHARLESTON.

## HONESDALE CO. *v.* MONTGOMERY.

Submitted September 10, 1904—Decided December 6, 1904.

1. SUMMONS.—*When Suit Begins.*
   A summons to begin a suit under chapter 124, section 5, Code, once issued, brings a suit into being. (p. 398).

2. CREDITORS BILL.—*Right of Creditors to Control Creditors Suits.*
   A suit by a single creditor of an insolvent debtor, under ch. 74, section 2, Code of 1899, whether in his own name only, or for himself and other creditors, is from the date of the summons a suit for all creditors, and he cannot dismiss it against the will of other creditors, at rules or in term. It may be dismissed as to him, but others can prosecute it in their names, as substituted plaintiffs. If he dismiss it at rules, other creditors may at the next term have it reinstated, though the summons has not been served or the bill filed. (p. 399).

3. EVIDENCE.—*Oral Evidence, Explanatory, Allowed.*
   Oral or other extrinsic evidence can not be allowed to deny, contradict, vary or enlarge a record; but it may be allowed to prove matters as to which the record is silent, though such matters relate to, but do not vary or contradict it. (p. 401).

Appeal from Circuit Court, Harrison County.

Suit by the Honesdale Shoe Company and others against Wells D. Montgomery and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

E. G. SMITH and HARVEY F. SMITH, for appellants.

DAVIS & DAVIS and SPERRY & SPERRY, for appellees.

BRANNON, JUDGE:

The Honesdale Shoe Company and others presented their bill, asking that it be read also as a petition, to the circuit court of Harrison county stating that Wells D. Montgomery, on and prior to 23rd March, 1903, was indebted to it and other named creditors, and was on that date insolvent; and that on that date he made a deed of trust to Jamieson as trustee conveying certain property to secure a debt to Articia C. Montgomery; that the

Koblegard Company as a creditor of Wells Montgomery brought suit in chancery on 21st August, 1903, within four months after the recordation of said deed of trust, which was on 22d April, having the purpose to set aside said deed of trust as an unlawful preference of Articia C. Montgomery over other creditors, and to apply the property *pro rata* among all his creditors; that the summons issued had not been served on the defendants; that it was returnable to September rules; that by reason of some arrangement between the Koblegard Company and Montgomery, by which the debt of the Koblegard Co. had been adjusted, said summons was recalled by the Koblegard Co. and not served by the sheriff into whose hands it had been delivered for service; that no bill was filed, but at the September rules the suit was, on motion of the Koblegard Co., dismissed. The said bill of the Honesdale Co. was presented to the court at the next term after such dismissal, on the 7th of October. It asked the court to set aside said office dismission and reinstate the case, and to grant leave to the Honesdale Co. and other creditors joining in said bill and petition to allow them to prosecute said suit in their names as plaintiffs. The bill set up the facts touching said deed of trust, and prayed that it be held void so far as it preferred the debt of Articia C. Montgomery, and held for the benefit of all creditors. The court entered an order saying that it appearing that the summons had been placed in an officer's hands and returned unserved by order of the Koblegard Co., and no bill filed, and that the suit had been dismissed, and the purpose for which the suit was instituted in no manner appearing from the record, the court refused to set aside the office dismission and reinstate the case, and refused to let the Honesdale Co. and the creditors joining it in said bill prosecute the suit as plaintiffs. From this order the Honesdale Co. and its associates appeal.

When the writ issued a suit came into being. Code, chapter 124, section 5; *Manufacturing Co.* v. *Chewning,* 52 W. Va. 523; *Lawrence* v. *Winifrede Co.,* 48 *Id.* 139. Though that suit was in the sole name of the Koblegard Co., not one in terms for itself and all other creditors of Montgomery, yet the Code, chapter 74, section 2, made it a suit for all such creditors by the words, "Every such suit shall be deemed to be brought in behalf of the plaintiff and all other creditors of such insolvent debtor." From the start it was a general creditors' suit. For this purpose we

must assimilate it to a creditors' suit against a decedent's estate, or a judgment lien creditor's suit or one against an insolvent corporation, and apply the law applicable in such cases.  Our cases show that when a suit bears that character, it is for the benefit of all creditors and not under the unlimited control of the nominal plaintiff, properly so called.  Whether brought by a plaintiff in his own name only, or for himself and other creditors, when a reference is made to convene creditors it is then surely a suit for the benefit of all, because the reference is for all, and gives the character of the creditors' suit.  *Arnold* v. *Casner,* 22 W. Va. 444; *Laidley* v. *Kline,* 23 *Id.* 565.  Without statute the reference makes the suit a general creditors' suit; but the statute in this case makes it such *ab initio.*  If it did not say so, the law would make it so after the reference, without aid from the statute.  The statute would not be needed to make it such a suit from the reference, and we can thus fairly say that the statute makes it a creditors' suit from the birth of the suit.  The statute does not say it shall have that stamp only after reference.  Being a creditors' suit, the nominal plaintiff cannot dismiss it at will to the prejudice of other creditors, as it is their suit no less than his.  He can dismiss it as to himself; but others can become plaintiffs by order of the court if not already parties, or be transposed from the position of defendants to that of plaintiffs.

Without this statute, after a reference the plaintiff on the record, though his debt might be paid, or he wish to dismiss, could not do so against the will of other creditors.  *Linsey* v. *McGannon,* 9 W. Va. 154; *Bilmyer* v. *Sherman,* 23 W. Va. 656.  In *Lewis* v. *Laidley,* 39 W. Va. 422, we held that "it is error to dismiss a general lien creditor's suit on motion of the nominal plaintiff whose debt has been paid."  He may have the cause dismissed as to himself, but not as to other creditors, who are parties, formal or informal.  *Howard* v. *Stephenson,* 33 W. Va. 116, gives right to another creditor to ask the suit to go on, as do also the cases cited above.  To give the nominal plaintiff absolute right of dismissal would, as the opinion in the *Lewis case* by JUDGE DENT, says, allow the defendant debtor to collude with the nominal plaintiff in controlling the litigation, and in this manner often greatly delay, hinder and defraud other lien creditors.

In *Bilmyer* v. *Sherman,* after saying that the plaintiff might dismiss as to himself, when the court could direct the case after-

wards to go on in the name of some one else, the Court, by JUDGE SNYDER, added: "If such were not the case, the other creditors would be at the mercy of the nominal plaintiff, and the uses of the creditors' suit would be greatly impaired, if not entirely destroyed." One creditor, as in this case, brings a suit, and after it is too late for others to sue wants to dismiss it. Can it be that he can thus end it and destroy other creditors in the face of a statute which plainly intends that one suit shall go for the relief of all, and thus avoid multiplicity of suits with consequent costs? That would be a misapplication of the statute; would defeat its object and remedial utility. We must apply it as a remedial statute. We are, however, told that while these principles may apply to a full-fledged suit, or after reference, they do not apply to a mere writ not served, where no bill has been filed; that it cannot, at earliest, apply before the writ is served; that till then there is no suit. There is a suit born of the summons. If a creditors' suit, it has that stamp from the issuance of the summons, because that summons is a part and parcel of the suit.

Necessarily there must be a period, long or short, between the date of summons and the filing of the bill, and it looks odd to say that the suit does not in that period have the cast which the bill has, which, when filed, relates back to the date of the summons. Can not a notice of *lis pendens* be recorded on the date of the summons, though the bill be not then filed? It is a suit in the interim, else the *lis pendens* would be void. What reason for drawing such distinction, and thus work the mischief suggested by Judges DENT and SNYDER? It must be conceded, under decisions above cited, that after bill filed the formal plaintiff could not dismiss to the harm of the others, and I cannot see why, if they have a right to participate in the suit at a later point in its life, they have not equally so in an earlier, since it is apparent that a dismissal may prejudice them equally, in both cases. If parties, in legal contemplation at one time, why not at another?

We must not impute to these creditors want of diligence in not bringing each one his own suit. The statute relieves them from bringing each suit, as it tells them that the one suit is for the benefit of all. In fact, it being a creditors' suit, a fair construction of the statute would make it forbid such suits.

I doubt not that, if with knowledge of such suit by one creditor they bring other suits, they would pay their own costs, because

otherwise the debtor's assets would be devoured in the costs of multiplied suits. *Laidley* v. *Kline,* 23 W. Va. 565. The second would likely be suspended by the first suit under the case cited; then why bring it? These other creditors applied at the earliest possible date to have the court order the suit to continue for their benefit. The Code gives the court power at the next term to reinstate a cause dismissed in the preceding vacation. We have seen that they had such interests as entitled them to move a reinstatement.

It is urged that as no bill was yet filed to show the object of the suit, evidence *dehors* the record cannot be allowed to show it, as that would violate the rule that the record speaks for itself, and evidence cannot be received to vary, explain or supplement it. This is so on matters spoken by it.

As stated in *Perry* v. *McHuffman,* 7 W. Va. 306, and *State* v. *Vest,* 21 *Id.* 796, it is elementary law that a record imports such absolute verity that nothing can be pleaded or proven against its statements. You cannot prove its statements false, or vary or explain the effect of the record as to what it speaks, or add to it to change its effect or meaning; that is, you cannot thus alter or deny its effects. In 24 Am. & Eng. Ency. L. 193, (2d Ed.), we find that this rule is limited to matters to which the record relates, and that "it is never permissible to introduce parol or other extrinsic evidence to vary or contradict a judicial record; but where the record on its face does not show the precise question determined, or in other respects leaves any matter open to doubt, parol and other extrinsic evidence, which is not in conflict with the record, may be introduced to aid and explain it by showing the precise questions which were determined, or that certain questions were not passed upon, or otherwise clearing up any doubts which might exist." Under this principle oral evidence was allowed where a record of confession of judgment by attorney, not showing whether it was by an attorney at law or in fact, to show that it was by an attorney in fact. *Caldwell* v. *Shields,* 2 Rob. 305. Evidence is always allowed, where *res judicata* is involved, and the record does not disclose the exact matter in issue, to show the matter actually tried. "To apply the judgment or decree, and give effect to the adjudication, when the record leaves the matter in doubt, such evidence is admissible." *Russell* v. *Place,* 94 U. S. 608; *Legrared* v. *Rixey,* 83 Va. 862,

877. Ancient and modern law is stated in 7 Rob. Prac. 263-4 in these words: "To take averment, which stands with the record, and which doth not impugn anything apparent with the record, the law doth well admit and allow." In this instance it is not proposed to deny or contradict anything of record. Before we talk of oral evidence to vary or explain or add to a record, we must have a record. The bill proposes to prove only the purpose of the suit of the Koblegard Co., not to contradict anything already done by the court, nor even to deny a pleading.

Therefore, reversing the order of the circuit court, we set aside the dismission made at rules, and reinstate the case to the condition of a pending cause, and order the said bill to be filed at rules after service of process, and give leave to the plaintiffs to prosecute the same suit in their names as plaintiffs, and dismiss it as to Koblegard Co., and give leave to said plaintiffs to sue out alias or further summons in their names as plaintiffs substituted in place of the Koblegard Co., and remand the cause for further proceedings at rules and in the circuit court.

*Reversed.*