MAXWELL B. WHITLOCK, *Admr., etc., et al.*

*v.*

D. W. MARTIN, *Exec., etc., et al.*

(No. 9902)

Submitted April 23, 1947.   Decided June 24, 1947.

*Fitzpatrick, Strickling & Marshall, M. O. Litz, Percy H. Brown, W. A. Brown,* and *Frederick W. Sawyers,* and *H. D. Rollins* and *Staige Davis,* for appellants.

*Dayton, Campbell & Love* and *Ernest H. Gilbert, Jr.,* for appellees.

RILEY, JUDGE:

Maxwell B. Whitlock, administrator of the estate of Margaret B. Whitlock, et al., who sue on behalf of themselves and all other stockholders of Wyatt Coal Company and MacAlpin Coal Company who may intervene and contribute to the costs and expenses of the suit, brought this suit in equity in the Circuit Court of Kanawha County against D. W. Martin and James Martin, executors of the estate of James Martin, deceased, and others. The relief prayed for therein is set out in an amended bill of complaint incorporating an original bill of complaint filed at August, 1943, rules, and certain intervening petitions, the basic purpose of which is ultimately to retrieve a portion of certain assets of Wyatt Coal Company and MacAlpin Coal Company alleged to have been unlawfully converted, through the agency of Wyatt Coal Sales Company, a corporation, by Alex. W. Laing, John Laing, James Martin and T. J. Robson, the latter three of whom are now deceased. The issues in this suit have been somewhat complicated by the dismissal on March 6, 1943, of the consolidated suits of *George T. Chounis* v. *John Laing, et al.,* and *David Evendoll* v. *John Laing, et al.,* 125 W. Va. 275, 23 S. E. 2d 628, involving substantially the same defendants as in the instant suit, which dismissal occurred after the certification of the mandate of this Court in said consolidated suits.

The defendants' demurrers to the original and amended bills of complaint and petitions having been sustained, and the plaintiffs not desiring to amend, the suit was dismissed by decree of February 21, 1946, from which decree the present appeal and supersedeas are prosecuted.

Before considering further the pleadings in the instant cause, a few references to the consolidated causes of *Chounis* v. *Laing* and *Evendoll* v. *Laing, supra,* are necessary. In these consolidated cases, John Laing, Alex. W. Laing, James Martin and T. J. Robson, as officers and con-

trolling stockholders were charged with a conversion of the assets of Wyatt Coal Company and MacAlpin Coal Company to their own use through the Wyatt Coal Sales Company, the prayer in each case being for an accounting for alleged breach of trust. The period covered by the alleged wrongdoings was from January 1, 1920 to March 31, 1932. During the month of March of the last-mentioned year settlements, suggested by defendants, were agreed to by approximately ninety-five per cent of the stockholders of the two operating companies, which apparently settled the matters in controversy so far as those participating in and those claiming under them were concerned. The circuit court, upon the report of the commissioner in chancery, granted relief to the plaintiff Chounis, but refused relief to David Evendoll and Elizabeth Evendoll, but upon appeals therefrom by the defendants and the Evendolls, respectively, this Court affirmed the rulings of the circuit court in most particulars, holding, in part, that the action of the majority of the stockholders of the operating companies in agreeing to the settlement made in March, 1932, was binding only on those present and participating in the stockholders' meetings at which the settlements were approved, and because plaintiff Chounis was not present at those meetings, the circuit court held that he was entitled to the relief sought; but inasmuch as David Evendoll and his wife were in possession of sufficient facts to enable them to act intelligently, they ratified the alleged wrongdoings by entering into the foregoing agreement of settlement. As to Chounis' claim we held that John Laing, Alex. W. Laing, James Martin, and T. J. Robson, the active managers of the sales company, were jointly and severally liable for the profits, dividends, salaries and other moneys of the sales company received by them personally; and, further, as to the contention advanced that the trial court, in referring the causes to a commissioner for an accounting, should have provided for notice to the stockholders of the operating companies, this Court, in the consolidated causes, held the same to be without merit. Shortly after the certification

of the mandate of this Court to the circuit court, two decrees were entered by the circuit court on March 6, 1943, the first a consent decree, dismissing the first cause in so far as Chounis personally was concerned, and the other as follows:

"These causes further come on this day for final hearing upon the papers heretofore read, former orders and decrees herein and upon the decree of the Supreme Court of Appeals of West Virginia, pronounced and entered on the 15th day of December, 1942, the opinion of said court referred to therein, and the mandate of said Supreme Court of Appeals received, filed and entered by the Clerk of this court on the 11th day of January, 1943; and upon the admission of counsel for George T. Chounis, the plaintiff in the first of the above styled causes, made at the bar of the Court, that the said plaintiff's recoverable costs have been paid to him; and upon argument of counsel.

"And the court having maturely considered the argument of counsel, it is adjudged, ordered and decreed that the intervening petition of Elizabeth Evendoll filed in the above styled causes by an order of this court heretofore entered on, to wit, the 14th day of June, 1941, be and the same is, hereby dismissed, without prejudices, however, to her right, if any she has, to question the authority and right of the executor under the last will of James M. Laing, deceased, to have voted, as he did vote, the stock of the Wyatt Coal Company and the MacAlpin Coal Company issued to and standing in the name of the said executor, at the meetings of the stockholders of said coal companies held in the month of March, 1932, in any suit or proceeding under which the executor may be required to account for his administration of the James M. Laing estate.

"And it is further adjudged, ordered and decreed that the defendants, John Laing, Alex Webster Laing, James Martin, Jennie Alice Robson, J. O. Jenkins, The Wyatt Coal Sales Company, Eleanor Robson Carper, Margaret S. Laing, Louisa Laing Bowles, Mary Wright Laing, Gertrude Laing Conley, Alex Wright Laing, O. H.

Hiserman, Mrs. James Martin, D. W. Martin and Central Trust Company, a corporation, Trustee, do recover of David Evendoll, the plaintiff in the second of the above named causes and a petitioner in the first of the above named causes, and Elizabeth Evendoll, a petitioner in the above styled causes, and each of them, their recoverable costs in the said Supreme Court of Appeals aggregating the sum of Six Hundred Sixty-five Dollars and Forty Cents ($665.40.)

"And it is further adjudged, ordered and decreed that the bill of complaint and the amended bills of complaint of the said George T. Chounis, filed in the first of the above-styled causes, be, and the same hereby are, dismissed and that the two above styled causes be, and the same hereby are, and each of them hereby is dismissed. And the same are ordered to be stricken from the docket."

T. J. Robson had died prior to the bringing of the Chounis and Evendoll suits, and between the entry of the two dismissal decrees and the filing of the original bill of complaint in the instant cause, John Laing and James Martin had died.

The original bill in the instant suit, which is in the nature of a bill of review, was filed at August rules, 1943. In it Maxwell B. Whitlock, administrator of the estate of Margaret B. Whitlock, deceased, Florence B. Marsh, Nellie Mae Wolford, W. R. Perfater, J. E. Perfater, Margaret White, Bessie K. Grossenbach and Alice Perfater, in her own right and as administratrix of the estate of John Perfater, deceased, joined as plaintiffs, and sue on behalf of themselves and all other stockholders of Wyatt Coal Company and MacAlpin Coal Company, respectively, that may intervene. Later the amended bill of complaint mentioned at the beginning of this opinion, and which is here on appeal and supersedeas, was filed. The several plaintiffs and intervenors in the instant suit, according to their respective pleadings, first learned of the alleged conversion of the assets of the two operating companies after the decision of this Court in the consolidated cases of *Chounis* v. *Laing* and *Evendoll* v. *Laing, supra,* and they

rely on the statement in this Court's opinion at page 297 of Volume 125 of the West Virginia Reports that "Stockholders not barred of the right of recovery under the principles announced herein, may, if they chose, still intervene." It is claimed by them, among other things, that fraud was practiced by the defendants in the consolidated causes in having the *Chounis* case dismissed, and it is asserted that this is especially true as to the Perfater claimants, who alleged that they were in negotiations with James Martin regarding a settlement at the time the dismissal decrees were entered.

Thus the gravamen of the instant suit, as heretofore indicated, is the recovery for wrongs committed by the Laings, Martin and Robson over the period from 1920 to 1932, and initially to set aside the dismissal decrees of March 6, 1943, which now preclude them from coming into the consolidated causes by petition. It is contended that the second decree of dismissal in the consolidated causes amounted to fraud upon appellants' rights; that under this Court's statement heretofore quoted concerning the rights of "Stockholders not barred" to intervene, defendants did not have the right by hasty manoeuver and without notice to stockholders to deprive plaintiffs and petitioners in the instant case of the benefit of the record and adjudication in the consolidated causes by the entry of the dismissal decrees. The complaining parties alleged, in effect, in their original and amended bills of complaint and intervening petitions, that they were unlawfully deprived of rights when the second decree of dismissal was entered without notice to them.

In support of their position, plaintiffs cite the following statement from 1 Daniell's Chancery Pleading & Practice (6th American Ed.) 788: *"After a decree has been made of such a kind that other persons, beside the parties on the record, are interested in the prosecution of it,* neither the plaintiff nor the defendant, on the consent of the other, can obtain an order for the dismissal of the bill." (Italics supplied). We, however, do not see the applicability of the foregoing statement to the instant case. In the *Chounis*

case there was no decree to the effect that "other persons, beside the parties on the record, are interested in the prosecution" of the suit, and, as hereinbefore noted, this Court in that case held that in referring the consolidated causes to a commissioner, no notice was required. The instant case is to be distinguished from *Bilmyer* v. *Sherman,* 23 W. Va. 656; *Laidley* v. *Kline's Adm'r.,* 23 W. Va. 565; and *Lewis* v. *Laidley,* 39 W. Va. 422, 19 S. E. 378, which were creditors' suits. In such suits all creditors, whether formal parties or not, have a common interest and right in the proceedings under the statute. They may come forward and prove their respective claims in the manner specified by the court in the statutory decree of reference, and, having done so, the suit cannot be dismissed by the nominal plaintiff with the consent of the defendant so as to bar the rights of other creditors who are protected under the statutory decree of reference. In the *Bilmyer* case, the Court held in point 4, syllabus, that: "The formal plaintiff having obtained satisfaction of his debt, it is not error for the court to state that fact on the record and dismiss him from the suit and order the same to be thereafter prosecuted in the names and for the benefit of some or all of the unsatisfied creditors whose claims have been *audited* in the suit." (Italics supplied.) In *Bernheim* v. *Wallace, Judge,* 186 Ky. 459, 217 S. W. 916, a class stockholders' suit, the Court held it was error to deny Bernheim "or the other parties of record, or any of them, the right to enter any orders or judgments, or make any settlements that would be prejudicial" to the interests of the minority stockholders. The recovery in the *Chounis* case was in favor of Chounis personally and not the Wyatt Coal Company, or its stockholders. The dismissal was not in derogation of the rights of any interested stockholder who became a formal party by intervention or amendment of the bill of complaint or any such stockholder who, prior to the dismissal, has asked to be made a party plaintiff or defendant to that suit. Although, prior to final decrees in the consolidated causes, Maude B. Quarles and Mary W. Raisbeck and the two Evendolls had intervened in the

Chounis cause, both Quarles and Raisbeck were out of the cause at the time the consolidated causes came to this Court on appeal, and, after the decision of this Court affirming the circuit court's action in denying recovery in the Evendoll suit, the Evendolls had no further interest in either of the consolidated causes. And, further, plaintiffs herein were never formal parties to the Chounis and Evendoll suits and could not have been such until they had actually come in by petition, and shown a valid right to participate or had been made parties by amendment of the pleadings in the consolidated suits, which, of course, could not have been done after the entry of the dismissal orders. It follows that there was no wrongdoing in the entry of the dismissal orders; that no fraud in reference thereto, either actual or constructive, had been committed; and that Chounis, having obtained the relief he sought in his suit, and being the only formal party plaintiff in that suit, had a right to consent to the entry of the dismissal decree.

But, having reached the foregoing conclusion that plaintiffs are not entitled to have the dismissal decrees set aside, we are confronted with the further question whether the amended bill of complaint, treated as an original bill, is good on demurrer. We think not. As the amended bill was drafted primarily for the purpose of permitting plaintiffs to enter into the consolidated causes, these causes having been dismissed, the amended bill to be sustained must be sustained on its own basis. That bill, in our opinion, does not sufficiently by allegation overcome the imputation of laches which lies therein and which may be raised on demurrer. See generally 1 Miller's Hogg's Equity Procedure, Section 135.

We therefore find no error in the trial court's action in dismissing the original and amended bills of complaint in the instant suit. This holding, however, is without prejudice to plaintiffs and intervening petitioners herein, as well as other stockholders of Wyatt Coal Company and MacAlpin Coal Company, to assert in another and inde-

pendent suit or suits the purported claims, if any they have, in relation to the matters involved in this suit, if they be so advised.

The final decree of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*

LOVINS, JUDGE, dissenting:

I do not agree with the views set forth in the majority opinion. A well-established, logical, and generally accepted rule of equity procedure is set at naught by this decision, and it is difficult to discern from the opinion the reasons therefor.

I am cognizant of the fact that a bill of review will only lie where there is error apparent on the record, or if, after final decree, new evidence is discovered. *Weldon* v. *Callison*, 119 W. Va. 306, 193 S. E. 441. But I do not regard the original and amended bills of complaint in the instant case as bills of review or bills in the nature of bills of review. An analysis of the allegations contained in the said bills clearly shows that this is an independent suit in equity having alternative objects: (1) to set aside the decree on grounds of fraud; or (2) to assert the rights of plaintiffs in an independent suit.

The primary, if not the only, question presented by this appeal relates to the dismissal of the suit of *Chounis* v. *Laing*, reported in 125 W. Va. 275, 23 S. E. 2d 628. In an ordinary suit where the rights of the plaintiff of record only are at stake, plaintiff, if he so desires, may dismiss his suit at any time. However, in some instances the dismissal is not permitted as a matter of right if prejudice to defendant would result from such dismissal. A suit brought for the benefit of a class may be dismissed by plaintiff before decree, but after a decree is made affecting the rights of other parties, the plaintiff cannot as a matter of right dismiss the suit. *C. & A. R. R. Co.* v. *Union Rolling Mills Co.*, 109 U. S. 702, 713, 27 L. ed. 1081. See 1 Daniell's Chancery Pleading & Practice, 6th ed. 795; *Hirshfeld* v. *Fitz-*

*gerald* (N. Y.), 51 N. E. 997, and annotation in 8 A. L. R. 950, and 91 A. L. R. 587.

The foregoing principle is implictly and properly applied in the cases of *Bilmeyer* v. *Sherman,* 23 W. Va. 656; *Laidley* v. *Kline's Admr.*, 23 W. Va. 565; *Lewis* v. *Laidley*, 39 W. Va. 422, 19 S. E. 378; and *Honesdale Co.* v. *Montgomery*, 56 W. Va. 397, 49 S. E. 434. Even though the cases just cited were creditors' suits, I see no substantial ground for distinguishing them from the principle invoked by plaintiffs in the instant case. The general rule, which has been approved by this Court, precluded the dismissal of the suit of *Chounis* v. *Laing, supra.*

Plaintiff of record in the *Chounis* case did not dismiss that suit. He had no authority to do so. In view of what this Court stated in its opinion in the *Chounis* case, which was to the effect that other stockholders, whose rights were not barred, might intervene in that suit. Plaintiffs in the instant suit have sought to intervene, but cannot because of the dismissal of the suit. Certainly, if plaintiff of record in the *Chounis* case was precluded from dismissing that suit in bar of the rights of other stockholders, defendants could not do so after Chounis' claim was satisfied, and he consented to the dismissal of the suit as to him only.

It is my view that the Circuit Court of Kanawha County, in pronouncing the decree of dismissal within less than three months after the decision of this Court was announced, failed to consider the possibility of intervention by other stockholders, and such failure prejudiced the rights of other stockholders for whose benefit the class suit of *Chounis* v. *Laing, supra,* was brought.

Defendants argue that the original and amended bills of complaint are bad on demurrer, for the reason that those pleadings disclose that plaintiffs were guilty of laches. Laches is the failure or omission of a person to assert a right for an unreasonable and unexplained time in circumstances which are prejudicial to the adverse party. In the majority of litigated cases where the de-

fense of laches is interposed, the questions arising can be better determined by a hearing on the merits, and the trial court may refuse to dismiss or review on demurrer. *Curl v. Vance,* 116 W. Va. 419, 181 S. E. 412.

It may be that a hearing on the merits of this case would have disclosed that plaintiffs herein have not been diligent in asserting their rights, and that the delay resulted in prejudice to defendants, but I do not believe that such situation is clearly and fully disclosed by the pleadings so as to be a proper basis of demurrer to the original and amended bills of complaint on the ground of laches.

For the foregoing reasons I would reverse the decree of the Circuit Court of Kanawha County.